UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cr-00017-TWP-VTW |
| ) | |
| DAVID M. COX, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING EMERGENCY MOTION TO REDUCE SENTENCE**

This matter is before the Court on Defendant David M. Cox's ("Mr. Cox") Emergency Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 58.) Mr. Cox, represented by counsel, asks the Court to reduce his sentence to time served or, alternatively, to modify his judgment to allow the remainder of his sentence to be served on home confinement. *Id.* He argues that Section 603 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A)(i), gives the Court the authority to grant this relief. The United States opposes. (Dkt. 64.[1]) Because Mr. Cox has not exhausted his administrative remedies and the Court cannot waive that requirement, his Motion is **denied without prejudice**.

**I. BACKGROUND**

In 2018, Mr. Cox pled guilty to and was convicted of being a felon in possession of a firearm and of a Lacey Act violation. (Dkt. 33.) He was sentenced to 24 months of imprisonment, followed by three years of supervised release. *Id.* In November 2019, the Court entered an order

---

[1] In light of the urgency of the situation created by the COVID-19 pandemic, the Court ordered an expedited response from the United States. (Dkt. 59.)

amending Mr. Cox's Presentence Investigation Report to revise language that erroneously suggested that Mr. Cox had violence in his history and hindered his ability to receive benefits under the First Step Act. (Dkt. 44.) In that order, the Court strongly recommended to the Bureau of Prisons ("BOP") that Mr. Cox be promptly admitted into the Early Offender Home Detention Program. *Id.* This recommendation was based on the Court's observation that despite that recommendation, Mr. Cox has not been moved to home confinement and is currently incarcerated at FCI Terre Haute. He is 66 years old, and his counsel represents that he is set to be released to home confinement in June 2020. (Dkt. 58 at 2.)

## II. DISCUSSION

The Court's ability to modify an already-imposed sentence is limited. It can do so only in the circumstances set forth in 18 U.S.C. § 3582. Here, Mr. Cox relies on § 3582(c)(1)(A)(i), which allows a court to modify a sentence for "extraordinary and compelling reason" if certain conditions are met:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Cox contends that he is at "significant risk of contracting and developing life-threatening complications from an exposure to COVID-19 because he has chronic pulmonary disease, severe coronary heart disease, and obstructive sleep apnea." (Dkt. 58 at 1.) He argues

that the COVID-19 pandemic has created "extraordinary and compelling reasons" for his immediate release under § 3582(c)(1)(A)(i) and that the sentencing factors in 18 U.S.C. § 3553 support his request. *Id.* at 9–15, 18–19.  He submits medical records documenting his conditions. (Dkt. 58-1.)  He admits that he has not exhausted his administrative remedies—or even attempted to exhaust them by applying for relief from his warden. (Dkt. 58 at 15.)  Nonetheless, he contends that the exhaustion requirement can be waived because requiring him to exhaust is futile and would cause him irreparable harm. *Id.* at 18.

The Government opposes the Motion. (Dkt. 64.)  It argues the Mr. Cox expressly waived his right to file a motion under § 3582 as a condition of his plea agreement. *Id.* at 3–4.  It also contends that Mr. Cox has failed to exhaust his administrative remedies; the exhaustion requirement cannot be waived; and, even if it could be waived, it should not be waived in this case. *Id.* at 4–12.  The Government also argues that Mr. Cox's Motion should be denied on the merits because he has not established that "compelling and extraordinary reasons" warrant his release and because the § 3553 sentencing factors weigh in favor of keeping him incarcerated. *Id.* at 13–21. It contends that Mr. Cox remains a danger to the community, thereby precluding compassionate release under § 3582. *Id.* at 21–22.  Finally, the Government argues that the Court lacks the authority to order Mr. Cox to serve the rest of his sentence on home confinement. *Id.* at 22–23.

The Court concludes that the exhaustion issue is dispositive and, in the interests of judicial economy, does not address the Government's other arguments.

Mr. Cox concedes, as he must, that the plain language of § 3582(c)(1)(A) requires him to exhaust his administrative remedies—either by appealing an unfavorable decision from the BOP or by waiting 30 days for a response from his warden—before the Court can grant him a sentence reduction for "extraordinary and compelling reasons."  He also admits that he has not exhausted

those administrative remedies. Nonetheless, he contends that the Court should waive the exhaustion requirement in his case. The United States argues that the Court cannot do so.

Federal courts are divided on the issue of whether the exhaustion requirements of § 3582(c)(1)(A)(i) can be waived, *see, e.g.*, *United States v. Haney*, __ F. Supp. 3d __, No. 19-cr-541 (JSR), 2020 WL 1821988, at *1 n.1 (detailing split among district courts within the Second Circuit on this issue), and the Seventh Circuit has not directly addressed the issue.[2] Determining whether exhaustion can be waived requires the court to decide two issues: (1) whether the exhaustion requirement is jurisdictional; and (2) if the exhaustion requirement is not jurisdictional, whether the court can waive the requirement over the government's objection.

The Government concedes that the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, (Dkt. 64 at 5 n.5), and the Court agrees. "Whether a limit on a court's power is truly jurisdictional is ultimately up to Congress." *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015).[3] The "general rule that has emerged is that 'when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'" *Id.* at 670–71 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)). While the Seventh Circuit has not considered whether the exhaustion requirements of § 3582(c)(1)(A) are

---

[2] The Government cites *United States v. Cochran*, 784 F. App'x 960, 962 (7th Cir. 2019), in support of its argument that exhaustion cannot be waived. *See* dkt. 64 at 4. In *Cochran*, the Seventh Circuit cited § 3582(c)(1)(A) and, in a parenthetical to that citation, used this description: "compassionate release may be granted when prisoner has (1) exhausted administrative remedies and (2) presented 'extraordinary and compelling reasons' for release." *Cochran*, 784 F. App'x at 962. The *Cochran* court did not address any questions of administrative exhaustion, let alone questions about whether the requirement could be waived. Thus, its parenthetical description of § 3582(c)(1)(A) does not provide any meaningful information about how the Seventh Circuit would resolve the issue. Regardless, the *Cochran* opinion is unpublished and not binding on this Court. *See* 7th Cir. R. 32.1(b); *United States v. Townsend*, 762 F.3d 641, 646 (7th Cir. 2014) (unpublished cases are not binding).

[3] The distinction between jurisdictional and non-jurisdictional matters because, if the exhaustion requirement were truly jurisdictional, the government could not waive it. *Taylor*, 778 F.3d at 670 (stating, in considering whether the requirements of § 3582(c)(2) are jurisdictional, "If the issue were truly jurisdictional, it could not be waived.").

4

jurisdictional, it has held that the criteria for granting a sentence reduction set forth in § 3582(c)(2)[4] are not jurisdictional. *Id.* at 668, 669–71. In *Taylor*, the court reasoned that § 3582 is not a part of a jurisdictional portion of the criminal code and is not phrased in jurisdictional terms. *Id.* at 671. It also found support in *Freeman v. United States*, 564 U.S. 522 (2011), in which the United States Supreme Court considered § 3582(c)(2) without raising the issue of jurisdiction. *Id.* The rationale of *Taylor* is equally applicable to § 3582(c)(1)(A). Thus, the Court concludes that the exhaustion requirements are not jurisdictional. *See also Haney*, 2020 1821988, at *2–3 (concluding that exhaustion requirements of § 3582(c)(1)(A) are not jurisdictional, relying on Second Circuit authority finding the criteria in § 3582(c)(2) not to be jurisdictional).

Because the exhaustion requirement is not jurisdictional, the government could waive it in an appropriate case. The Government has not, however, waived exhaustion in this case. (Dkt. 64 at 8.) Thus, the Court must decide whether it can waive the exhaustion requirement over the Government's objection. This Court concludes that it cannot.

Mr. Cox urges the Court to waive the exhaustion requirement because exhausting would be futile and he would suffer irreparable harm if he had to exhaust. The Supreme Court has observed that "judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge made-exceptions." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (2016). But it has also made clear that "a statutory exhaustion provision stands on a different footing" because "Congress sets the rules." *Id.* In such a situation, "courts have a role in creating exceptions only if Congress

---

[4] Section 3582(c)(2) allows a court to reduce a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.

wants them to," and the Supreme Court has "taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements." *Id.*[5]

The exhaustion requirement in § 3582(c)(1)(A) is not a judge-made doctrine. It derives from the statute itself. Thus, the Court can create exceptions only if Congress so intended. Here, however, the Court concludes that Congress did not intend to allow the courts to create exceptions. The language of the statute is plain, and it includes no hint of the exceptions Mr. Cox urges the Court to adopt in his case—which amount to generalized exceptions for the exigent circumstances created by the COVID-19 pandemic. Mr. Cox also has not pointed the Court to any legislative history suggesting Congress's intent to allow for exceptions.[6] Moreover, the case for creating new exceptions is particularly weak with respect to § 3582(c)(1)(A) because the "the statute itself includes a limited futility-like exception, as it allows an inmate to seek relief 'after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.'" *Roberts*, 2020 WL 1700032, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL 1862251, at *2 (S.D.N.Y. Apr. 14, 2020) (same). Where Congress has specified a single alternative to full exhaustion—namely, filing a motion if a warden does not respond within 30 days to a defendant's request for relief—the Court "is not free to infer a general 'unwritten "special circumstances" exception.'" *Roberts*, 2020 WL 1700032, at *2 (quoting *Ross*, 136 S. Ct. at 1856, 1862)).

---

[5] Mr. Cox cites *Ross* for the proposition that "it is well settled that the term 'exhausted' in administrative law includes 'well-established exceptions to exhaustion,'" (Dkt. 58 at 15 citing *Ross*, 136 S. Ct. at 1863 (Breyer, J., concurring)), but he relies on a portion of a concurring opinion (which itself relies on a concurrence). This Court cannot rely on a concurring opinion if it conflicts with the majority opinion.

[6] At least one other court has observed that the legislative history for § 3582(c)(1)(A) "indicates that Congress recognized the importance of expediting applications for compassionate release and still chose to require a thirty-day waiting period." *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) (citing the defendant's briefing, which in turn, relied on 164 CONG. REC. S7774 (daily ed. Dec. 18, 2018), in which Senator Ben Cardin noted the First Step Act made several reforms to the federal prison system, including "expedit[ing] compassionate release applications.").

The Court recognizes that another district court has disagreed with this conclusion and instead sees the statutory option to wait 30 days for a response from the warden and then file a motion in court as indicative of Congress's generalized intent "for the defendant to have the right to a meaningful and prompt judicial determination of whether he should be released." *Haney*, 2020 WL 1821988, at *3 (internal emphasis, quotation marks, and quoted authority omitted). Under such a view, courts can waive the 30-day requirement because Congress's core concern was prompt access to a judicial decision and because "Congress cannot have intended the 30-day waiting period . . . to rigidly apply in the highly unusual situation in which the nation finds itself today." *Id*. This Court respectfully disagrees. Congress adopted a provision that allowed only one exception to fully exhausting administrative remedies—the situation in which a defendant files a request with his warden but receives no response for 30 days. In the face of this plain language, the Court cannot infer that Congress really meant to allow for a shorter filing time in the face of sufficiently exigent circumstances.

Mr. Cox's arguments to the contrary are also unavailing. (*See* Dkt. 58 at 15–18.) In its response, the United States discusses the authorities Mr. Cox cites in detail and argues that they are not persuasive. (*See* Dkt. 64 at 6–8.) The Court agrees. Some of the cases Mr. Cox cites pre-date *Ross*, in which the Supreme Court expressly rejected the "special circumstances" exception to the Prison Litigation Reform Act's exhaustion requirement and reaffirmed the mandatory nature of statutory exhaustion doctrines. *See Ross,* 136 S. Ct. at 1854–55, 1856–57. Many of them address the exhaustion requirements for habeas petitions under 28 U.S.C. § 2241. Those cases are inapposite because the exhaustion requirements for § 2241 are not statutory. *See* 28 U.S.C. § 2241. In short, Mr. Cox has not cited any on-point controlling authority that compels the conclusion that § 3582(c)(1)(A)'s exhaustion requirements are waivable over the government's objection.

It is undisputed that Mr. Cox suffers from chronic pulmonary disease, severe coronary heart disease and obstructive sleep apnea. Mr. Cox is 66 years old, and it remains the Court's strong recommendation that the Bureau of Prisons promptly admit Mr. Cox into the Early Offender Home Detention Program, because the Court understands the risks that COVID-19 poses to federal prisoners and the concerns of prisoners like Mr. Cox. However, the BOP is in the best position to first determine Mr. Cox eligibility for what has been referred to as "COVID-19 release." The BOP has additional information and options (such as home confinement and 14 day quarantine procedures), that the Court does not have.

The Court recognizes that district courts have disagreed about whether § 33582(c)(1)(A)'s exhaustion requirements can be waived over the Government's objection. For the reasons stated above, it joins those courts that have concluded that courts cannot waive § 3582(c)(1)(A)'s exhaustion requirements, even in the face of the COVID-19 pandemic. *See, e.g.*, *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (collecting cases holding that courts cannot waive § 3582(c)(1)(A)'s exhaustion requirements even in light of the COVID-19 pandemic); *Roberts*, 2020 WL 1700032, at *2 (court cannot waive § 3582(c)(1)(A)'s exhaustion requirement over government's objection); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (same); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) (same); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *3 (D.N.J. Apr. 9, 2020) (same); *United States v. Hofmeister*, No. CV 5:15-13-KKC, 2020 WL 1811365, at *1–2 (E.D. Ky. Apr. 9, 2020) (same); *see also United States v. Raia*, __ F.3d. ___, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (stating that the exhaustion requirement presents a "glaring roadblock foreclosing compassionate release and that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement

takes on "added—and critical—importance" during the COVID-19 crisis in light of the BOP's statutory role and its efforts to curtail the virus's spread).

### III.  CONCLUSION

Accordingly, Mr. Cox's Emergency Motion for Order Reducing Sentence, dkt. [58], is **DENIED without prejudice**.  Mr. Cox may pursue his remedies within the BOP and file a renewed motion when the requirements of § 3582(c)(1)(A) have been satisfied.

**SO ORDERED.**

Date:  4/21/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdo.gov